UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE PAUL DOUGLAS STODDART,

       Petitioner,

v.                    Case No: 2:14-cv-182-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

       Respondents.[1]

_____

## OPINION AND ORDER

### I.  Status

Petitioner Bruce Paul Douglas Stoddart (hereinafter "Petitioner," "Stoddart," or "Defendant") initiated this action with the assistance of counsel by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. #1, "Petition"). Petitioner challenges his jury-based judgment and conviction of premeditated murder entered in the Twentieth Judicial Circuit Court in Collier County, Florida.

_____

[1]Petitioner names two Respondents in this case. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfeld v. Padilla, 542 U.S. 426, 433 (2004). In Florida, that person is the Secretary of the Florida Department of Corrections. Accordingly, the Florida Attorney General is dismissed as a named Respondent in this case.

Respondent filed a Response (Doc. #9, Response) opposing all grounds and attached supporting exhibits (Doc. #16, Exhs. 1-23) consisting of the record on direct appeal and the postconviction record. *Inter alia*, Respondent argues that Petitioner has not satisfied 28 U.S.C. § 2254(d) (1)-(2).[2] Petitioner filed a Reply (Doc. #13). This matter is ripe for review.

## II. Background

Petitioner Stoddart was charged with premeditated murder of his girlfriend at her apartment on New Year's Eve of 2003 (case number 03CF27A). Exh. 1; see also Exh. 22, Vol. 4 at 602 (transcript of Stoddart's statement to law enforcement); Exh. 22 Vol. 2 at 304-305 (victim's daughter's testimony). On August 8, 2005, the three-day trial commenced before the Honorable William Blackwell, Senior Circuit Judge for the Twentieth Judicial Circuit. The jury heard testimony including, but not limited to, several responding law enforcement officers, the victim's children who witnessed the shooting, and the victim's sister. The jury also heard the recording of Petitioner's 911 call, wherein he admitted he killed his girlfriend. Additionally, the jury heard a tape recorded admission of guilt from Petitioner to law enforcement officials, which the trial court determined Petitioner provided after a knowing and voluntary waiver of his Miranda

---

[2] Respondent states that the Petition is timely filed. Response at 10, n. 1.

rights.   In the recording, Petitioner explained that he and his girlfriend were fighting that evening and admitted that he shot her with a handgun once in the abdomen and multiple times in the head.  Exh. 22, Vol. 4 at 597-739.  The jury also heard testimony from Petitioner.  Exh. 22, Vol. 5 at 851.  The theory of the defense, based solely on Petitioner's testimony, was self-defense. Id.   Petitioner claimed that the victim and he wrestled with the handgun, the handgun went off, and the victim landed in her closet. Exh. 22, Vol. 5 at 872.  Petitioner testified that he turned and saw the victim's daughter, after which he turned back around and the victim was pointing a shotgun at him.  Id. at 873.  Petitioner further testified that he then "fired in her direction."  Id. Notably, Petitioner's trial testimony greatly differed from the admission of guilt he provided to law enforcement officials.  Exh. 22, Vol. 4 at 640-649, 648.  The jury returned a verdict finding Petitioner guilty of premeditated murder.  Exh. 2.

On February 9, 2007, Petitioner filed a direct appeal with the assistance of counsel raising three grounds:

> (1) whether Stoddart was denied a fair trial when the family members who were testifying were permitted to remain in the courtroom after the sequestration rule was invoked;
>
> (2) whether Stoddart was denied his Sixth and Fourteenth Amendment rights under the United States Constitution because neither the jury venire nor the trial jury reflected  a fair cross-section of the community; and

> (3) whether the court abused its discretion when it failed to conduct a proper <u>Richardson</u> hearing when a discovery violation was revealed.

Exh. 3.  The state responded.  Exh. 4.  The appellate court *per curiam* affirmed Petitioner's conviction and sentence on November 25, 2009.  Exh. 6.

On December 28, 2010, Petitioner then filed a petition raising four claims of ineffective assistance of appellate counsel:

> (1) appellate counsel was ineffective for failing to argue the trial court erred in denying the defense motion to suppress statements obtained in violation of <u>Miranda</u> rights;

> (2) appellate counsel was ineffective for failing to argue that the administration of the jury instruction on forcible-felony exception to self-defense in first degree murder prosecution in which no other independent forcible felonies were charged was fundamental error;

> (3) appellate counsel was ineffective for failing to argue the trial court's error of denying the defense motion for judgment of acquittal where the state failed to present sufficient evidence to warrant the trial court's submission of Stoddart's case to the jury on the theory of premeditation; and

> (4) appellate counsel was ineffective for failing to argue that the trial court committed reversible fundamental error when at the very beginning of the trial the court itself instructed the jurors that Mr. Stoddart had pled guilty of first-degree premeditated murder.

Exh. 8.  The state responded.  Exh. 9.  The appellate court denied Petitioner's petition alleging ineffective assistance of appellate counsel on November 4, 2011.  Exh. 10.

Petitioner then filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and an amended Rule 3.850 motion.  Exhs. 12, 13.  Petitioner's Rule 3.850 motions raised the following two claims:

> (1)  Ineffective assistance of trial counsel for failing to object to trial court's erroneous inclusion of the forcible-felony instruction to the jury; and
>
> (2)  Trial counsel was ineffective for failing to move for judgment of acquittal on grounds that the State's evidence was legally insufficient to rebut the Defendant's *prima facie* case of self-defense.

Exhs. 12-13.  The state responded.  Exh. 13.  The postconviction court summarily denied Petitioner relief on both claims, incorporating by reference the state's response in its order. Exh. 14.  Petitioner appealed.  Exh. 15.  The appellate court *per curiam* affirmed the postconviction court's order.  Exh. 17.

Petitioner then filed a petition for habeas corpus for manifest injustice concerning the forcible-felony jury instruction.  Exh. 19.  Specifically, Petitioner argued that his Fifth and Fourteenth Amendment rights to due process and equal protection of the law were violated as a result of the Florida courts' contradictory and opposite holdings affirming the denial

of the 3.850 motion and denial of the 9.114 motion.  Id. at 7-8.
The appellate court denied Petitioner's state petition for writ of
habeas corpus.  Exh. 20.  Petitioner then moved for rehearing,
which the appellate court denied.  Exh. 21.

Proceeding with counsel, Petitioner then initiated the
instant § 2254 Petition raising five grounds for relief.  Doc. #1.

### III.  Applicable § 2254 Law

#### A.  Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the
Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),
Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Abdul-Kabir v.
Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S.
782, 792 (2001).  Consequently, post-AEDPA law governs this
action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792;
Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not
be granted with respect to a claim adjudicated on the merits in
state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

- 6 -

28 U.S.C. § 2254(d). <u>Cullen v. Pinholster</u>, 563 U.S. 170, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." <u>Id.</u> (internal quotations and citations omitted). <u>See also</u> <u>Harrington v. Richter</u>, 562 U.S. 86, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." <u>Childers v. Floyd</u>, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. <u>Id.</u>; <u>see also</u> <u>Ferguson v. Culliver</u>, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." <u>Childers v. Floyd</u>, 642 F.3d at 969 (quoting <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." <u>Thaler v. Haynes</u>, 599 U.S.

43, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. at 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears

the burden of rebutting the presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398.  Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order.  Id.

**B.  Federal Claim Must Be Exhausted in State Court**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" Walker v. Martin, 562 U.S. 307, 316 (2011) (quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." Mason v. Allen, 605 F.3d 1114, 1119 (11th

Cir. 2010) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement."  Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"  McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine."  Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002).  Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ."  Smith, 256 F.3d at 1138.  A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances.  First, a

petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error.  House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).  Second, Petitioner would have to show a fundamental miscarriage of justice.

## C.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011)

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 8 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly

cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'"  <u>Chandler v. United States</u>, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting <u>Burger v. Kemp</u>, 483 U.S. 776, 794 (1987)).

### IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court.  <u>Schriro v. Landrigan</u>, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007).  Petitioner does not proffer any evidence that would require an evidentiary hearing, <u>Chandler v. McDonough</u>, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.  <u>Schriro</u>, 550 U.S. at 474; <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1034 (2004).

### A.  Grounds One, Two, and Three: the Forcible-Felony Exception to self-defense, Florida Statute § 776.041

Grounds One, Two, and Three of the instant Petition all pertain to one of Florida's standard jury instructions known as the forcible-felony exception to self-defense.  In Ground One, Petitioner argues trial counsel rendered ineffective assistance

when counsel did not object to the forcible-felony jury instruction. Petition at 5. Petitioner contends in Ground Two that the trial court erred when it read the forcible-felony jury instruction because Petitioner was not charged with an additional forcible felony. Id. at 7. And, in Ground Three, Petitioner submits that appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the trial court erred in reading the forcible-felony jury instruction to the jury. Id. at 8.

In Response, Respondent acknowledges that Grounds One and Three were "preserved for federal review." Response at 14, 18. With regard to the trial court error claim in Ground Two, Respondent argues the claim was not preserved because it was not raised on direct appeal and is consequently procedurally-defaulted. Turning to the merits of Grounds One and Three, Respondent appears to recognize that the forcible-felony jury instruction in this case may have been read to the jury in error, but argues that "the substantial evidence of guilt in this claim rebuts any possibility of prejudice derived from the erroneous instruction." Id. at 14. In response to Ground Three, Respondent further argues that relief is only available upon a showing of fundamental error, which Petitioner cannot show. Id. at 18 (citing Martinez v. State, 981 So. 2d 449 (Fla. 2008)).

Notably, both the Florida courts and the federal courts approach claims involving the forcible-felony instruction, Florida Statute § 776.041, with caution.  See Fana v. Sec'y Dep't of Corr., 4 F.Supp.3d 1295 (M.D. Fla. Mar. 17, 2014) (granting § 2254 habeas petition finding deficient performance and prejudice, and trial court error, attributable to felony-exception jury instruction being improperly read when there was not a second felony), rev'd, Fla. Dep't of Corr. v. Fana, 593 F. App'x 954 (11th Cir. 2014) (finding district court did not afford state court's opinions proper deference); Stamer v. Sec'y Dep't of Corr., Case No. 8:08-cv-2152, Doc. #20 (M.D. Fla. Oct. 28, 2011) (denying § 2254 habeas petition raising a claim that appellate counsel rendered ineffective assistance in failing to assert a claim of fundamental error based on the forcible felony self-defense instruction); Velazquez v. State, 884 So. 2d 377 (Fla. 2d DCA 2004) (reversing and remanding Florida conviction finding fundamental error in providing the forcible-felony jury instruction), disagreed with, Martinez v. State, 981 So. 2d 449 (Fla. 2008) (resolving an appellate court split and finding under Florida law the erroneous reading of the forcible-felony jury instruction does not constitute fundamental error unless it deprives a defendant of a fair trial).

Florida Statute § 776.041 is entitled "Use or threatened use of force by aggressor" and provides self-defense is <u>not</u> available to a person who:

> (1) Is attempting to commit, committing, or escaping after the commission of, a forcible felony; or
>
> (2)  Initially provokes the use of force against himself or herself, unless:
>
> (a) Such force is so great that the person reasonably believes that he or she is in imminent danger of death or great bodily harm and that he or she has exhausted every reasonable means to escape such danger other than the use of force which is likely to cause death or great bodily harm to the assailant; or
>
> (b)  In good faith, the person withdraws from physical contact with the assailant and indicates clearly to the assailant that he or she desires to withdraw and terminate the use of force, but the assailant continues or resumes the use of force.

Fla. Stat. § 776.041 (2004).  Subsection (2) precludes the initial aggressor from asserting self-defense where he or she is the individual who provoked the use of force.  <u>See</u> <u>Martinez v. State</u>, 981 So. 2d 449, 452 (Fla. 2008) (discussing § 776.041 and deciding it is not automatically fundamental error when subsection (1) of the instruction is read absent an additional felony so long as the defendant is not deprived of a fundamentally fair trial).  As the Florida Supreme Court noted in <u>Martinez</u>, § 776.041 was amended in 2006 to reflect that the forcible-felony instruction should be given "only if the defendant is charged with *more than one forcible*

*felony.*" Id. (citing In re Standard Jury Instructions in Criminal Cases, No. 2005-4), 930 So. 2d 612, 614 (Fla. 2006) (emphasis in original)).

Turning to Ground One, Petitioner's ineffective assistance of counsel claim stemmed from counsel's alleged failure to object to the forcible-felony instruction. Of import here are the Florida courts' orders denying Petitioner relief, which Fana, 593 F. App'x 954, reminds us are entitled to deference.  It is well established that even a state court's summary adjudications without a written opinion explaining the state court's reasoning is entitled to deference under § 2254(d). Supra at 7; Harrington v. Richer, 562 U.S. 86, 98-99 (2011).

First, the postconviction court summarily denied Petitioner's claim of ineffective assistance of trial counsel raised in the Rule 3.850 motion and adopted the State's response.  Exh. 14 (citing Exh. 13).  The postconviction court recognized the proper standard of review, citing to Strickland.  Exh. 14.  The State had noted in response that defense counsel's performance could not be deemed ineffective under Strickland, because counsel did discuss the applicability of § 776.0411 (1) and the parties ultimately agreed on the instructions that were read to the jury.  Id. at 4. Turning to the prejudice requirement in Strickland, the State argued that the evidence of Petitioner's guilt was overwhelming. Id.  The State pointed out that the record showed there was no

testimony to support Petitioner's testimony that he acted in self-defense. Id.

This Court finds that the postconviction court's decision was neither contrary to, nor an unreasonable application of Strickland. Nor did the postconviction court's decision amount to an unreasonable determination of the facts based on the evidence presented. The postconviction court recognized that the Strickland standard was applicable to Petitioner's claim of ineffective assistance of counsel and adopted the State's response reasonably applying the Strickland standard to find neither deficient performance, nor prejudice.

The record supports the postconviction court's finding that defense counsel's performance was not deficient, as defined in Strickland, when he failed to formally object to the forcible-felony instruction. The record shows that Petitioner's defense counsel, Mr. Hollander, questioned the applicability of subsection (1) in this case. Exh. 22, Vol. 5 at 924. Defense counsel, however, acknowledged that subsection (2) applied in this case. Id. Defense counsel then successfully argued, and the State conceded, to deleting subsection 2(b) from the jury instructions. Id. at 924-925. Additionally, the parties agreed, due to defense counsel's urging, that the victim's name, Sonia Lopez, be added to the instructions under subsection 2(a). Id. at 925. Thus, the postconviction court's decision finding counsel did not perform

deficiently by failing to formally object to the instruction was reasonable and not contrary to Strickland.

Turning to the prejudice component of Strickland, the record also supports a finding that the postconviction court's decision was a reasonable application of and was not contrary to Strickland. To show prejudice, a petitioner must establish a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Supra at 11-12. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id.

Based upon counsels' and the court's discussions at the bench, the trial court read the jury the relevant jury instructions for premeditated murder and the lesser-included offenses, and the instructions on self-defense. Exh. 22, Vol. 6 at 995. In relevant part, the trial judge also read the following jury instructions:

> An issue in this case is whether defendant acted in self-defense. It is a defense to the offense with which Bruce Stoddart is charged, if the death of or injury to Sonia Lopez resulted from justifiable use of force likely to cause death or great bodily harm.

> A person is justified in using force likely to cause death or great bodily harm, if he reasonably believes that such force is necessary to prevent imminent death or great bodily harm to himself or another or the imminent commission of aggravated battery against himself or another.

*However, the use of force likely to cause death or great bodily harm is not justifiable if you find that Bruce Stoddart was attempting to commit, committing or escaping after the commission of first degree murder, second degree murder, or manslaughter as previously defined.*

*And secondly, that Bruce Stoddart initially provoked the use of force against himself, unless the force asserted toward the defendant was so great that he reasonably believed that he was in imminent danger of death or great bodily harm and had exhausted every reasonable means to escape the danger other than using force likely to cause the death or great body harm to Sonia Lopez.*

Exh. 22, Vol. 6 at 995-996 (emphasis added).   Petitioner takes issue with the italicized portion of the jury instructions because he was only charged with premeditated murder and was not charged with any other felonies.   Petitioner's argument is well taken. However, the postconviction court's finding of no prejudice is reasonable and not contrary to <u>Strickland</u> when considering the overwhelming evidence of Petitioner's guilt in this case. Specifically, Petitioner's own recorded confession of guilt introduced into evidence, which nowhere mentions that Petitioner shot the victim because he was defending himself.   Accordingly, Petitioner is denied relief on Ground One.

Ground Two concerns a claim that the trial court erred by reading the forcible-felony instruction to the jury.   As Respondent correctly points out, under Florida law Ground Two is unexhausted and is now procedurally-defaulted because appellate

counsel did not raise this claim of trial court error on direct appeal. Response at 18 (citing <u>Childers v. State</u>, 782 So. 2d 946 (Fla. 4th DCA 2001) (finding a claim that could have and should have been raised on direct appeal is procedurally defaulted and not subject to review in a rule 3.850 motion)). However, it is well established that a petitioner may overcome a procedural default by showing cause for the default and prejudice attributable thereto, or demonstrating that the failure to consider the claim will result in a fundamental miscarriage of justice. <u>Supra</u> at 10-11. Petitioner may establish the requisite cause needed to overcome the procedural default of Ground Two, to the extent that Petitioner was afforded counsel on his direct appeal, and argues in Ground Three that appellate counsel rendered ineffective assistance for failing to raise this claim on direct appeal. <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000) (citing <u>Murray v. Carrier</u>, 477 U.S. 478 (1986) (noting ineffective assistance of counsel may constitute cause to overcome a procedural default). Thus, the Court will now turn to address Ground Three.

Petitioner argues appellate counsel rendered ineffective assistance by failing to argue that the trial court erred by reading the forcible-felony jury instruction to the jury. Petition at 8. In reply, Petitioner asserts that he wrote appellate counsel a letter requesting that appellate counsel raise the claim that the trial court erred by reading the forcible-

felony instruction, but appellate counsel refused.   Reply at 5 (citation omitted).

Petitioner raised this claim of ineffective assistance of appellate counsel as his second claim for relief in his state petition for writ of habeas corpus, filed on December 28, 2010. Exh. 8.  The appellate court denied Petitioner relief.  Exh. 10. Thus, there is a state order entitled to deference.

The  Strickland  standard  governs  claims  of  ineffective assistance of appellate counsel.  Smith v. Murray, 477 U.S. 527, 535-536 (1986).  This Court finds that the postconviction court's decision was neither contrary to, nor an unreasonable application Strickland.   Nor did the postconviction court's decision amount to an unreasonable determination of the facts based on the evidence presented.   Fana is instructive on Ground Three because similar to the facts presented in Fana, Petitioner's defense counsel also did not lodge an objection to the jury instructions at trial. Thus, on direct appeal, appellate counsel would not have obtained relief for Petitioner by merely showing the jury instruction was erroneous.   Instead, appellate counsel would have to show that giving the forcible-felony instruction constituted fundamental error.  See Fana, 593 F. App'x at 958.

Petitioner's direct appeal was filed on February 9, 2007.  At this point in time, the Second District Court of Appeal had determined the reading of the forcible-felony instruction in the

absence of an additional felony constituted a fundamental error. Velazquez v. State, 884 So. 2d 377 (Fla. 2d DCA 2004), disagreed with by, Martinez v. State, 981 So. 2d 449 (Fla. 2008) (reading of the forcible-felony instruction is not always fundamental error). Thus, based on case law in effect at the time of Petitioner's direct appeal in the Second District Court of Appeal, which governed appeals from the Twentieth Judicial Circuit, appellate counsel's performance may properly be deemed deficient under Strickland. See, e.g., Fana, 593 F. App'x at 956 (finding appellate counsel was not deficient to not anticipate what law was going to be in the Fourth District Court of Appeal).

Even if this Court presumes appellate counsel rendered deficient performance, the appellate court reasonably rejected Petitioner's claim on the prejudice prong of Strickland considering the gravity of the evidence establishing Petitioner's guilt. Further, in 2008 the Florida Supreme Court in Martinez ruled contrary to precedent from the Second District Court of Appeal and determined that the erroneous reading of the forcible-felony instruction did not automatically constitute fundamental error, unless the instruction deprived the defendant of a fair trial. 981 So. 2d at 455. Here, Petitioner was not deprived of a fair trial. Petitioner's claim of self-defense was extremely weak considering the victim's children's eyewitness testimony reflected that their mother did not point a gun toward Petitioner.

The only evidence supporting Petitioner's theory of self-defense was his in-court self-serving testimony, which was in fact contradicted by his recorded statement of guilt provided to law enforcement officials. This Court flatly rejects Petitioner's argument presented in his reply "that prejudice must be presumed when appellate counsel does not raise a claim a defendant requests counsel to raise." Reply at 4-5. "Experienced advocates have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes, 463 U.S. 745, 751-752 (1983). Accordingly, Petitioner is denied relief on the merits of Ground Three. Further, because Petitioner has not established the requisite cause in Ground Three to overcome the procedural default of Ground Two, Ground Two is dismissed as procedurally-defaulted.

**B. Ground Four**

Petitioner argues that his due process rights and right to a fair trial were violated when the state lost the results of the fingerprint exam done on the shotgun, which Petitioner claimed the victim aimed at Petitioner. Petition at 10. Petitioner argues that this evidence was crucial to his defense of self-defense. Id.

In Response, Respondent states that the claim was raised on direct appeal. Response at 19-20. Respondent clarifies that the

report at issue, consisting of fingerprints lifted off Petitioner's Mosseberg shotgun,[3] was discovered by the State thirty minutes before it alerted defense counsel. Response at 19-20 (citing Exh. 22, p. 832). Respondent further notes that the trial court did not hold a Richardson hearing because defense counsel did not request one, and the state had no intention of using the report concerning the shotgun. Id. Defense counsel was satisfied that the state was not going to use the evidence. Id.

A review of Petitioner's direct appeal reveals that Petitioner raised this argument only in terms of a violation of Florida law. Exh. 4. The federal dimension of Petitioner's claim was not raised on direct appeal. Id. Petitioner argued on direct appeal that the trial court abused its discretion by not conducting a hearing under Richardson v. State, 246 So. 2d 71 (Fla. 1971). Petitioner further argued that the failure to make a Richardson inquiry "must be considered per se reversible error because a reviewing court is in no position to determine from a cold record whether a discovery violation is harmless." Exh. 4 at 22. The argument focused on the nature of the alleged discovery violation under Florida law and never alerted the State court to the federal dimension of this claim. Notably, Petitioner "scatter[ed] some makeshift needles in the haystack," McNair, 416 F.3d 1302-03,

---

[3]There was never a question that the gun used in the murder was a handgun, not a shotgun.

following the "conclusion" portion of the appellate brief by arguing "[a]s a result of the foregoing issues, the Appellant did not receive a fair trial as is required by the U.S. Constitution, and therefore requests a reversal of his conviction." Exh. 4 at 24.   Such an argument was insufficient to exhaust the federal dimension of Ground Four.   Consequently, the Court finds Ground Four is now procedurally defaulted.   See Fla. R. Crim. P. 3.850(c) (state procedural rule prohibiting return to state court to challenge trial court's failure to conduct a hearing on alleged discovery violation). Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default.

Alternatively, even if Ground Four was not procedurally barred, the ground does not warrant relief.   A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented.   28 U.S.C. § 2254(a); Krasnow v. Navarro, 909 F.2d 451 (11th Cir. 1990).   Whether the trial court violated Richardson by failing to hold a hearing on the alleged discovery violation is a matter of state law and is not cognizable on federal habeas corpus review.

For the first time in Petitioner's reply brief, Petitioner cites to Brady v. Maryland, 373 U.S. 83, 87 (1963) and argues that the State's suppression of favorable evidence upon request

violates the Due Process Clause.   Reply at 6.   Petitioner also raises an ineffective assistance of defense counsel claim related thereto, which was not previously raised.   Id. at 7.   The problem for Petitioner is there is no support whatsoever for his belated contentions in his Reply that the report contained *favorable* evidence for Petitioner.   See Response at 22-25 (review of evidence presented in this case including: no one saw the victim with a  shot gun; Petitioner's recorded statement to the police in which he stated the shotgun was empty and there were no more shells in the house).   Ground Four is dismissed as procedurally defaulted or in the alternative as not raising a federal claim.

**Ground Five**

Petitioner argues that the trial court erred by permitting his post-arrest confession into evidence.   Petition at 12. Petitioner acknowledges that he was read his Miranda rights and signed and initialed the Miranda waiver form indicating that he understood those rights.   Id.   However, Petitioner claims he subsequently invoked his right to counsel when he stated, "I want to talk to a lawyer or something."   Id.

In Response, Respondent argues that this claim is unexhausted and procedurally defaulted because this alleged trial court error claim was not raised on direct appeal.   Response at 25.   The Court agrees with Respondent that Ground Five is unexhausted and now procedurally defaulted.   Petitioner did not raise this claim of

trial court error on direct appeal.  Exh. 4.  Consequentially, Ground Five is now procedurally defaulted.  Fla. R. Crim. P. 3.850(c).  Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default.  To the extent he attempts to show cause by arguing trial counsel rendered ineffective assistance of counsel, such a claim is also unexhausted and therefore is insufficient to establish cause to overcome the procedural default.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000).  Moreover, the record shows defense counsel did attempt to suppress Petitioner's statement, but the trial court denied the motion.

Alternatively, the trial court's decision to deny suppression was not contrary to or an unreasonable application of United States Supreme Court precedent.  Davis v. United States, 512 U.S. 452 (1994) held that law enforcement officials are free to question a suspect after he or she waives Miranda rights and need not cease questioning when the suspect makes an "ambiguous or equivocal [reference] in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel."  Id. at 458 (emphasis added). Here, the trial court found Petitioner's request for counsel was ambiguous.  Accordingly, Petitioner is in the alternative denied relief on the merits of Ground Five.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   The Florida Attorney General is **DISMISSED** as a named-Respondent.

2.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**.  Grounds One and Three are denied on the merits.  Ground Two is dismissed as procedurally defaulted.  Ground Four is dismissed as procedurally defaulted, or in the alternative, as raising a State law claim only.  Ground Five is dismissed as procedurally defaulted, or in the alternative, denied on the merits.

3.   The Clerk of Court shall terminate all pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Fort Myers, Florida on this ___31st___ day of March, 2017.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


SA: ftmp-1
Copies: All Parties of Record